C. A. BALDWIN, PLAINTIFF IN ERROR, v. OSCAR L. FOSS, DEFENDANT IN ERROR.

REHEARING of case, *ante* p. 80.

REESE, J.

After the opinion in this case was filed a motion for a rehearing was made upon the ground, among others, that

no brief had been served upon the defendant in error prior to the submission of the case by the plaintiff in error. This motion was supported by the affidavits of the attorneys for defendant in error. For that reason a rehearing was granted.

A motion is now made by plaintiff in error to vacate the order for a rehearing, for the reason that a copy of the brief was duly served on one of the attorneys for the defendant in error. This motion is also sustained by affidavit. The cause is submitted on the motion and generally. As there is a conflict in the testimony upon the question of the service of the brief, the motion of plaintiff in error is overruled, and we will briefly re-examine the case as presented by the defendant in error in his brief which accompanies the motion for a rehearing.

It is claimed in said brief that the order of the district court has been complied with by the plaintiff in error, and the money paid to the sheriff upon an execution. While that fact, if true, might not change the result, yet we have been unable to find in the affidavits or other part of the record of the case any proof of this fact, nor is it referred to in the motion for a rehearing. Hence we can not investigate it further.

It is next claimed that the testimony attached to the petition in error was not made a part of the record by the proper bill of exceptions, and that the court must have gone outside of the record in order to reverse the case, as the evidence was not before it. The question as to the sufficiency of the bill of exceptions was not before the court at the time the cause was submitted, a motion having been made to dismiss the case for that reason at the July term, 1883, which was overruled, the court then finding the bill of exceptions sufficient.

The next point requiring attention is, that this is an appeal, and the appeal was not perfected within six months as required by law. A petition in error was filed in this

court with the transcript, and on which is endorsed a waiver of the issuance of a summons in error, and an appearance entered, signed by one of the attorneys for the defendant in error.

We are unable to see where any injustice was done by the judgment of this court upon the former submission, and a similar judgment must be again entered.

JUDGMENT ACCORDINGLY.